2008 SEP -8 P 4: 11

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Ronald Brunson, et al., | ) | C/A No.  3:08-2965-JFA-BM |
| | ) | |
| Plaintiff, | ) | |
| | ) | Report and Recommendation |
| vs. | ) | |
| | ) | |
| Federal Bureau of Investigation; | ) | |
| Steve Patterson; | ) | |
| WWDM; | ) | |
| N.A.A.C.P.; | ) | |
| Nelson River III; | ) | |
| Central Intelligent Agency; | ) | |
| Law Enforcement Center; | ) | |
| Sled Chief; | ) | |
| Sumter Housing Authority; | ) | |
| Jones Buick Pontiac; | ) | |
| Tuomey Health Care System; | ) | |
| Governor Mark Sanford; | ) | |
| U.S. Justice Department, and | ) | |
| U.S. Postal Service, | ) | |
| Defendants. | ) | |

This is a civil action filed *pro se*.  Plaintiff claims that the Defendants conspired

together to place some type of monitoring system in his "internals" that feeds  information about

Plaintiff to the Defendant CIA and to other Defendants to be used against him.  Plaintiff further

claims that there is a "pending investigation" by the FBI into his allegations of improper "internal"

monitoring of a private citizen.  He seeks access to FBI files and asks for "restitution" and injunctive

relief in the nature of termination of CIA officers' employment and restoration of his (Plaintiff's )

civil rights.

Under established local procedure in this judicial district, a careful review has been

made of the *pro se* Complaint pursuant to 28 U.S.C. § 1915 (as amended), other provisions in the

Prison Litigation Reform Act, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979). *Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, _ U.S. _, 127 S. Ct. 2197 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972); *Fine v. City of New York*, 529 F.2d 70, 74 (2d Cir. 1975).

Even when considered under this less stringent standard, however, the Complaint filed in this case is subject to summary dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Department of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).[1]

Initially, Plaintiff's Complaint is frivolous and subject to summary dismissal without service on the Defendants because the allegations contained therein, if taken as assertions of fact, cannot be given even momentary credibility. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986)[Courts need not assume the truth of legal conclusions couched as factual allegations.];

---

[1]The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

2

*Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987) ["Even though pro se litigants are held to less stringent pleading standards than attorneys the court is not required to 'accept as true legal conclusions or unwarranted factual inferences.'"]. Plaintiff's allegations about some sort of communications device being placed in his body through a conspiracy among numerous federal, state, and private agencies, entities, and individuals are simply not believable. Because the Supreme Court has held that a court may dismiss a claim as factually frivolous . . . if the facts alleged are "clearly baseless," a category encompassing allegations that are "fanciful," "fantastic," and "delusional," this case should be dismissed under § 1915(e). *Denton v. Hernandez*, 504 U.S. at 32-33 [a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible].

Moreover, even if Plaintiff's allegations were somehow believable, it does not appear that he has exhausted his administrative remedies with respect to his request for FBI records about a pending investigation, *see Pollack v. Department of Justice*, 49 F.3d 115, 115 n. 1 (4th Cir. 1995)[Privacy Act], or about his claims for damages and/or injunctive relief based on alleged wrongdoing of the CIA and/or other federal agencies, officers, or employees. Under the well-established legal doctrine of sovereign immunity, the United States, its departments, and agencies cannot be sued without its express consent; *U. S. Mitchell*, 463 U.S. 206, 212 (1983); and the bar of sovereign immunity cannot be avoided by naming officers or employees of the United States as defendants because, assuming those officers/employees are sued in their official capacity, they are, essentially, performing the responsibilities of the United States itself and thus are entitled to immunity as well. *See Gilbert v. Da Grossa*, 756 F.2d 1455, 1458 (9th Cir. 1985). *Cf. Hawaii v. Gordon*, 373 U.S. 57, 58 (1963).



3

One of the few areas in which the United States government has waived its sovereign immunity is in the area of personal injuries allegedly caused by government officials or employees. Under specific and limited circumstances, an injured party may sue the United States for damages alleged caused by an agency such as the CIA, FBI, DOJ , or USPS,[2] or by federal employees such as Defendant Stephenson pursuant to the FTCA. However, litigants must strictly comply with the requirements of the FTCA, *U. S. v. Kubrick*, 444 U.S. 111, 117-18 (1979), and the burden is on the plaintiff in an FTCA case to prove that he/she completed all the conditions precedent to filing a lawsuit. *Kielwien v. U. S.*, 540 F.2d 676, 679 (4th Cir. 1976). While Plaintiff does not refer to the FTCA anywhere in his Complaint as the basis for his law suit, even if he had, that aspect of the Complaint would also be subject to summary dismissal because there is no indication that he complied with FTCA pre-suit requirements such as the filing and prosecution of formal administrative claims with the appropriate federal agencies before commencement of this civil action in district court. *See* 28 U.S.C. § 2675[3]; *Myers & Myers, Inc. v. U. S. Postal Serv.*, 527 F.2d 1252,

---

[2] Suit under the FTCA lies only against the United States. The FBI, CIA, U. S. Justice Department (DOJ) and the U.S. Postal Service, each of which are encompassed in the broad definition of a federal agency under the FTCA, *see* 28 U.S.C. § 2671, may not be sued directly on claims brought under 28 U.S.C. § 1346(b). Rather, it is expressly provided that "(t)he authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are cognizable under section 1346(b) of this title . . . ." 28 U.S.C. § 2679(a).

[3] Section 2675 states:

(a) An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, *unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by*



4

1256 (2d Cir. 1975); *see also* 28 C.F.R. § 14.2 and the "STANDARD FORM 95." *See generally*

Diane M. Allen, Annotation, *When Is Claim Properly Presented to Federal Agency, under 28*

*U.S.C.A. § 2675(a), for Purposes of Satisfying Prerequisite to Subsequent Suit under Federal Tort*

*Claims Act,* 73 A.L.R.Fed. 338 (2004).

Furthermore, Plaintiff may not sue WWDM, N.A.A.C.P., Nelson River III , Jones

Buick Pontiac, or Tuomey Health Care System for federal constitutional violations pursuant to 42

U.S.C. § 1983, because they are not "state actors." In order to state a cause of action under 42

U.S.C. § 1983, a plaintiff must allege that: *(1)* the defendant(s) deprived him or her of a federal right,

and *(2)* did so under color of state law. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *see also*

*Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980). Because the United States Constitution

regulates only the Government, not private parties, a litigant claiming that his constitutional rights

have been violated must first establish that the challenged conduct constitutes "state action"; *see,*

---

*certified or registered mail.* The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section. The provisions of this subsection shall not apply to such claims as may be asserted under the Federal Rules of Civil Procedure by third party complaint, cross-claim, or counterclaim.

(b) Action under this section shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency, except where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim.

(c) Disposition of any claim by the Attorney General or other head of a federal agency shall not be competent evidence of liability or amount of damages.



*e.g., Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982); and to qualify as state action, the conduct in question "must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," and "the party charged with the [conduct] must be a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.*, 457 U.S. 457 U.S. 922, 937 (1982); *see United States v. International Brotherhood of Teamsters, Chauffeurs, Warehousemen Helpers of America, AFL-CIO*, 941 F.2d 1292 (2d Cir.1991). No such allegations or facts are presented here, and purely private conduct, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under 42 U.S.C. § 1983 or under the Fourteenth Amendment, the two most common provisions under which persons come into federal court to claim that others have violated their constitutional rights. *See Lugar*, 457 U.S. at 936 (1982); *Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 721 (1961).

Governor Mark Sanford is entitled to executive immunity to the extent that Plaintiff's allegations could be inferred as claiming that he did something to hurt Plaintiff within the course and scope of his duties as Governor of South Carolina. Members of the executive branch are immune from lawsuits which attempt to impose any form of liability, including claims for declaratory relief, damages, or retrospective or prospective injunctive relief, *see Baraka v. McGreevey*, 481 F.3d 187, 202-03 (3d Cir. 2007)[4], when the relief requested would interfere with actions taken by the executive within the course and scope of his/her official executive duties and where the complained-

---

[4]*See also Scott v. Taylor*, 405 F.3d 1251 (11th Cir. 2005); *Larsen v. Senate of Pa.*, 152 F.3d 240 (3d Cir. 1998); *Risser v. Thompson*, 930 F.2d 549, 551 (7th Cir. 1991)[injunctive relief against Governor of Wisconsin, acting in a legislative capacity, was barred because "[l]egislators' immunity is absolute and extends to injunctive as well as to damages suits"]; *Alia v. Michigan Supreme Ct.*, 906 F.2d 1100, 1102 (6th Cir.1990) [injunctive relief against Justices of Michigan Supreme Court for actions taken in their legislative capacity was barred by legislative immunity].

of executive activities fall within at least one of the thirty-one exceptions to liability provided under the South Carolina Torts Claim Act. *Adkins v. Varn*, 312 S.C. 188, 439 S.E.2d 822 (1993); *see* S.C. Code Ann. § 15-78-60.[5] *See McCall v. Batson*, 285 S.C. 243, 329 S.E.2d 741, 743 (1985)[Opinion abolishing sovereign immunity in tort "does not abolish the immunity which applies to all legislative, judicial and executive bodies and to public officials who are vested with *discretionary* authority, for actions taken in their official capacities."]. *See* S.C. Code Ann. § 15-78-60(1), (2).

Finally, with regard to Plaintiff's inclusion of Law Enforcement Center, Sled Chief, and Sumter Housing Authority in his list of Defendants, there are inadequate allegations contained in the Complaint to state any type of viable federal claim against these state employees or agencies.

## RECOMMENDATION

Accordingly, it is recommended that the Court dismiss the Complaint in this case *without prejudice* and without issuance and service of process. *See United Mine Workers v. Gibbs,* 383 U.S. 715 (1966); *see also* Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner,*

---

[5] The South Carolina Tort Claims Act, which provides the exclusive remedy in tort against a member of the state's executive branch, is a limited waiver of governmental immunity. *Moore v. Florence School Dist. No. 1*, 314 S.C. 335, 444 S.E.2d 498 (1994); *see* S.C. Code Ann. § 15-78-20(a) (Supp.1998). The Act provides that, subject to limitation, a governmental entity is "liable for [its] torts in the same manner and to the same extent as a private individual under like circumstances." *Id.*; S.C. Code Ann. § 15-78-40 (Supp.1993). The burden of establishing a limitation upon liability or an exception to the waiver of immunity under the Tort Claims Act is upon the governmental entity asserting it as an affirmative defense. *Strange v. South Carolina Dep't of Highways and Pub. Transp.*, 314 S.C. 427, 445 S.E.2d 439 (1994). Provisions establishing limitations upon and exemptions from liability of a governmental entity must be liberally construed in favor of limiting liability. S .C. Code Ann. § 15-78-20(f) (Supp.1998); *Baker v. Sanders*, 301 S.C. 170, 391 S.E.2d 229 (1990).

7



404 U.S. 519 (1972).

Plaintiff's attention is directed to the important notice on the next page.

Bristow Marchant
United States Magistrate Judge

September 8 , 2008
Columbia, South Carolina

8

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).



9