IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Ronald Brunson, | ) | C/A No. 3:08-2965-JFA-BM |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Federal Bureau of Investigation; Steve Patterson; WWDM; NAACP; Nelson River III; Central Intelligence Agency; Law Enforcement Center; SLED Chief; Sumter Housing Authority; Jones Buick Pontiac; Tuomey Health Care System; Governor Mark Sanford; U.S. Justice Department; and U.S. Postal Service, | ) | |
| Defendants. | ) | |

The *pro se* plaintiff, Ronald Brunson, initiated this action pursuant to 42 U.S.C. § 1983 against the defendants. He asserts a variety of claims against various state, federal, and private individuals. Central to the plaintiff's claims in this case is his allegation that the defendants conspired together to place some type of monitoring system in his "internals" that feeds information about the plaintiff to the defendant CIA and others.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation ("Report") dated September 8, 2008 wherein he suggests that this court

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

1

should summarily dismiss the plaintiff's action. The Report sets forth in detail the relevant facts and standards of law on these matters, and the court incorporates such without a full recitation.

The plaintiff was advised of his right to file objections to the Report. He filed timely objections to the Report on September 10, 2008 in the form of a letter.

In his objection memorandum, plaintiff clarifies his contention that these monitoring devices were placed in his ears "at birth." Beyond that, the objection memorandum is essentially unintelligible and merely serves to reconfirm the Magistrate Judge's initial conclusion that the assertions in the complaint "cannot be given even momentary credibility."

Moreover, the Magistrate Judge points out that the plaintiff has failed to exhaust his administrative remedies with regard to his request for FBI records; he has not filed the pre-suit notice required to bring an action under the Federal Tort Claims Act; several of the defendants enjoy various types of immunity; and several of the private individuals are not subject to a claim under 42 U.S.C.§ 1983.

After a careful review of the record, the applicable law, the Report, and the objections thereto, the court finds the Magistrate Judge's recommendation to be proper. Accordingly, the Report is incorporated herein by reference and the case is dismissed without prejudice and without issuance and service of process.

IT IS SO ORDERED.

October 6, 2008  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge